**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DONISE CARTER, etc.,** | ) | **CASE NO. 1:18CV1337** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **PRIME HEALTH INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #5) of Plaintiff Donise Carter to Remand to State Court. For the following reasons, the Court grants the Motion and remands the above-captioned case to Lake County Common Pleas Court.

**I. FACTUAL BACKGROUND**

This case arises out of the death of Plaintiff's decedent, Dondrea Carter ("Carter"), while Carter was an inmate at the Lake County Adult Detention Facility. On January 8, 2015, Plaintiff filed a Complaint in this Court alleging Civil Rights Violations under 42 U.S.C. § 1983 and state-law claims for Wrongful Death, Negligence, Malpractice by Physician and Negligence by Nurse. Plaintiff moved to dismiss that case without prejudice after the Court

granted Defendants' Motion to Preclude Testimony of Plaintiff's expert witness.  On April 6, 2018, the Court dismissed the case without prejudice and imposed the following conditions on Plaintiff:

> If Plaintiff chooses to re-file her claims in federal court, or in state court and Defendants remove the action:
>
> (1) Plaintiff must immediately notify the Clerk of Court that her re-filed action is related to this action;
>
> (2) The Court will stay the re-filed action until Plaintiff pays Defendants the cost of this action.  Costs will also include attorney fees reasonably incurred by Defendants in connection with Defendants' Motion in Limine to Preclude the Testimony of Lawrence Mendel, D.O. and the Oral Hearing on the Motion conducted under *Daubert*.  If Plaintiff fails to pay within sixty days after the re-filed action is brought here, the Court will dismiss the re-filed case **with prejudice**.  The Court is mindful that Plaintiff received a monetary settlement from previously-dismissed Defendants, so Plaintiff's ability to pay should not be an impediment.
>
> (3) Before pursuing any re-filed action, Plaintiff shall contact Defendant's counsel and obtain a statement of the amount of costs she must reimburse them.  Plaintiff may dispute the amount, by written motion to the Court, but only upon payment of one-half of the total amount of costs stated by Defendants.

On May 17, 2018, Plaintiff filed a Complaint in the Lake County Court of Common Pleas against Defendants Prime Health, Inc., Lake County Family Practice and Dr. Marc J. McNaughton (collectively, "Defendants") arising out of the same events as the previously-dismissed action.  On June 12, 2018, Defendants filed a Notice of Removal in this Court, contending that the Complaint is intentionally vague and artfully pled to state a claim under § 1983.  Therefore, Defendants assert that the Court has federal question jurisdiction over the

Complaint and that removal was proper. Defendants further argue that Plaintiff's Complaint is a purposeful attempt to thwart the Court's previous order and avoid paying Defendants the costs to which they are entitled.

On June 13, 2018, Plaintiff filed a Motion to Remand to State Court. Plaintiff contends that the Complaint alleges only state-law claims for Wrongful Death and Medical Malpractice. Furthermore, Plaintiff argues that the Court's previous order entitling Defendants to costs "if Plaintiff chooses to re-file her claims in federal court, or in state court and Defendants remove the action" is inapplicable here because Plaintiff chose not to pursue any federal claims and thus provided Defendants with no reasonable basis for removal. Plaintiff further requests that the Court award the fees and costs associated with her Motion to Remand.

## II. LAW AND ANALYSIS

### Standard of Review

A defendant may remove a civil action if the federal district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a civil action filed in state court may be removed to federal court if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

A removed case must be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "Concern about encroaching on a state court's right to decide cases properly before it requires this court to construe removal jurisdiction narrowly." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky. 1990) (citing *Shamrock Oil & Gas*

*Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. Am. Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky. 1967).

The "well-pleaded complaint" rule requires a court to look to the "face of the plaintiff's properly pleaded complaint" to determine whether it has original jurisdiction over a case. *Caterpillar*, 482 U.S. at 392. In *Cromwell v. Equicor-Equitable HCA Corp.*, the Sixth Circuit held that a district court should "look to the complaint as it existed at the time the petition for removal was filed to determine" the matter of federal jurisdiction raised by the defendant's notice of removal. *Cromwell*, 944 F.2d 1272, 1277 (6th Cir. 1991).

**Does Plaintiff's Complaint assert a claim arising under federal law?**

Defendants contend that "[t]he allegations and relief sought in Plaintiff's intentionally vague Complaint are an attempt to state an inconspicuous § 1983 claim." In support of this assertion, Defendants point to three specific phrases within Plaintiff's Complaint. First, Defendants argue that Plaintiff's request for attorney's fees points to an attempt to assert a § 1983 claim because attorney's fees are not traditionally available as a remedy for state-law medical malpractice claims absent "actual malice," but they are available under § 1983 claims. Plaintiff counters that the phrase asking for "compensatory damages... together with attorney fees, costs, interest and whatever other relief the Court deems appropriate" is "a simple catch-all provision." The Court finds that Plaintiff is correct and that this "catch-all... falls far short of creating federal subject matter jurisdiction."

Next, Defendants argue that Plaintiff's statement that Defendants were operating "under the laws of the State of Ohio" is a thinly-veiled attempt to allege the required "under color of

law" element of a § 1983 claim. Plaintiff counters that Defendants have taken these statements out of context. The Complaint merely states that each Defendant "is and was at all pertinent times hereto a [corporation/medical care facility/doctor] licensed and operating within and under the laws of the State of Ohio." The Court finds that this was not an attempt by Plaintiff to allege that Defendants acted under color of law, but rather a standard introduction of the Defendants at the beginning of Plaintiff's Complaint.

Finally, Defendants argue that Plaintiff's statement that Defendants "failed to provide adequate and competent care and treatment" to Carter is an attempt to allege an Eighth Amendment violation. Plaintiff again contends that this statement was taken out of context. The Complaint states: "Defendants and/or their employees and/or agents failed to provide adequate and competent care and treatment to Plaintiff Donise Carter's decedent, Dondrea Lanise Carter. These failures on the part of Defendants and/or their employees and/or agents were negligent and were below the standard of care." The Court finds that Defendants' attempt to create an Eighth Amendment claim out of Plaintiff's Medical Malpractice allegations is not unavailing.

The Court also finds that Defendants' case law is unpersuasive. Defendants rely extensively on two cases from the Western District of Louisiana which denied remand and found that plaintiffs had stated federal claims when the complaints alleged that (1) defendants were acting color of law, (2) plaintiffs' constitutional rights were violated (although the plaintiffs did not specifically allege constitutional violations) and (3) plaintiffs requested attorney's fees and/or punitive damages despite such remedies not being available under Louisiana law. *See Hall v. City of Alexandria*, 111 F.Supp.2d 785 (W.D.La. 2000); *Fuller v. Jones*, No. 2:14-CV-03002, 2015 WL 868712 (W.D.La. February 27, 2015). Notwithstanding the fact that

Defendants point to no case law within this Circuit, the Court finds that Plaintiff's Complaint does not allege constitutional violations nor that Defendants were acting under color of law as the complaints in *Hall* and *Fuller* did. Furthermore, courts in the Sixth Circuit have held that any doubt should be construed in favor of remanding the case back to state court. *Walsh*, 264 F.Supp. at 515. Therefore, the Court finds that Plaintiff's Complaint does not assert claims arising under federal law and remands this case to state court.

Defendants further contend that even if Plaintiff has not directly alleged a federal claim in her Complaint, Plaintiff has "injected a substantial federal question into this matter," namely, "what level of care is Constitutionally 'adequate' under the Eighth Amendment." However, the Court determines that resolution of this alleged federal question is not necessary to Plaintiff's state-law Medical Malpractice claim.

The Court also finds that the "artful pleading rule" does not apply to this case. Defendants contend that Plaintiff's Complaint is "artfully pled" in order to avoid federal jurisdiction. However, the Sixth Circuit has recognized that "the artful pleading doctrine allows removal *where federal law completely preempts a plaintiff's state-law claim*." (Emphasis added). *City of Warren v. City of Detroit*, 495 F.3d 282, 287 (6th Cir. 2007). Since § 1983 does not preempt state law wrongful death or medical malpractice claims and Defendants do not allege that it does, the Court holds that the "artful pleading rule" does not apply and federal court does not possess subject matter jurisdiction over this case.

**Did Plaintiff fail to comply with the Court's previous order?**

Defendants also allege that the Court has "retained jurisdiction to enforce compliance with the Order issued in the previous related case" and should therefore "stay this case until

Plaintiff's *[sic]* complies with the Order." Defendants contend that Plaintiff has failed to comply with the Order because Plaintiff did not call Defendants' counsel and obtain a statement of the amount of costs to be reimbursed. Plaintiff argues that "[a]ll of the provisions of the order fall under the heading 'If Plaintiff chooses to re-file her claims in federal court, or in state court and Defendants remove the action.'" Therefore, Plaintiff insists that she was not obliged to contact Defendants' counsel before filing an action in state court alleging only state-law claims. The Court determines that Plaintiff's filing of this action in state court was not in violation of the Court's previous Order because Plaintiff's Complaint raised only state-law claims and did not provide Defendants with a proper basis for removal. Therefore, it is unnecessary for the Court to "[retain] jurisdiction to enforce compliance" with its previous Order.

**Is Plaintiff entitled to recover costs from Defendants?**

Plaintiff argues that she is entitled to recover costs and fees from Defendants because Defendants lacked an "objectively reasonable" basis for removal. "District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Sixth Circuit has not clearly defined when a party has an "objectively reasonable"

basis for removal.  Furthermore, sanctions are not intended for parties who erroneously remove their cases so long as there was an objectively reasonable basis for doing so:

> By enacting the 28 U.S.C. § 1446 removal statute, Congress intended to provide defendants with a general right to remove their state-court cases to federal court when appropriate.  Congress permitted awards of costs and attorney's fees under 28 U.S.C. § 1447(c) to deter defendants from abusing the right of removal.  Congress did not intend sanctions for those who merely erroneously remove their cases, as there is no reason to suppose Congress meant to confer a right to remove, while at the same time discourage its exercise in all but obvious cases.  (Internal citations and quotation marks omitted).

*Geriak v. ARNCO*, No. 1:10-cv-2856, 2011 WL 1576087, at *8 (N.D.Ohio Mar. 3, 2011).

In the instant case, the Court finds that the basis for Defendants' removal was objectively unreasonable.

### III. CONCLUSION

For these reasons, Plaintiff's Motion (ECF DKT #5) to Remand to State Court is granted and the above-captioned case is returned to Lake County Common Pleas Court.  Furthermore, pursuant to 28 U.S.C. § 1447(c), Plaintiff shall filed an affidavit setting forth the fees and costs incurred as the result of removal on or before August 24, 2018.  Defendants may file any objections to the reasonableness of the amount of fees and costs on or before September 7, 2018.

**IT IS SO ORDERED.**

                                      **s/ Christopher A. Boyko**
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**

Dated:  August 10, 2018